Samuel R. Randall (No. 024517)
**RANDALL LAW PLLC**
4742 N 24th Street, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 328-0262
Fax: (602) 926-1479
*srandall@randallslaw.com*

Michael A. Josephson (*pro hac vice* pending)
Andrew W. Dunlap (*pro hac vice* pending)
Carl A. Fitz (*pro hac vice* pending)
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, TX 77046
Telephone: (713) 352-1100
Fax: (713) 352-3300
*rschreiber@mybackwages.com*

Richard ("Rex") J. Burch (*pro hac vice* pending)
**Bruckner Burch PLLC**
8 Greenway Plaza, Ste. 1500
Houston, TX 77046
Telephone: (713) 877-8788
Fax: (713) 877-8065
*rburch@brucknerburch.com*

*Attorneys In Charge for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Gardner, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>G.D. Barri & Associates, Inc., an Arizona Corporation,<br><br>Defendant. | No.<br><br>**COLLECTIVE ACTION**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**Failure to Pay Overtime Compensation (Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)**<br><br>**(Jury Trial Demanded)** |

## SUMMARY

1. G.D. Barri & Associates, Inc. (GD Barri) failed to pay Aaron Gardner (Gardner) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, GD Barri paid Gardner and other workers like him the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or "straight time for overtime").

3. Gardner brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division.

6. GD Barri is an Arizona Corporation headquartered in Maricopa County, Arizona, in this District and Division.

7. Gardner performed work for GD Barri in this District and Division.

## THE PARTIES

8. During the relevant period, Gardner was an hourly employee of GD Barri.

9. Throughout his employment with GD Barri, Gardner was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

10. His written consent is attached herein as <u>Exhibit A</u>.

11. Gardner brings this action on behalf of himself and other similarly situated workers who were paid by GD Barri's "straight time for overtime" system.

12. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All employees of GD Barri & Associates during the past 3 years who were paid straight time for overtime (the "Putative Class Members").**

13. GD Barri may be served with process by serving its statutory agent, Darrell Husband, at Quarles & Brady, LLP, One Renaissance Square, 2 N. Central Ave., Phoenix, Arizona.

## COVERAGE UNDER THE FLSA

14. At all times hereinafter mentioned, GD Barri was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all times hereinafter mentioned, GD Barri was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all times hereinafter mentioned, GD Barri was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

17. GD Barri has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as hand tools, automobiles, computers, and cell phones.

18. At all times hereinafter mentioned, Gardner and the Putative Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

///

## THE FACTS

19. GD Barri provides contract labor solutions to the power and utilities' industries.

20. In order to provide services to its clients, GD Barri hires employees it pays on an hourly basis.

21. Gardner worked for GD Barri as a Construction Manager.

22. Gardner would plan power plant enhancements based on engineer reports, order materials, and document progress, completion, and obstacles.

23. This included crane replacements, water heater replacements, and security camera upgrades.

24. Gardner was paid $75 an hour for every approved hour worked.

25. Gardner was employed by GD Barri from September 2018 until March 2019.

26. Gardner was an hourly employee of GD Barri.

27. Gardner was not paid a guaranteed salary.

28. Gardner was staffed by GD Barri to a power plant operated by the Arizona Public Service Company.

29. Gardner reported the hours he worked to GD Barri on a regular basis.

30. If Gardner worked under 40 hours, he was only paid for the hours he worked.

31. But Gardner would regularly work more than 40 hours in a week.

32. In fact, Gardner routinely worked 60 or more hours a week.

33. The hours Gardner worked are reflected in GD Barri's payroll records.

34. GD Barri paid Gardner the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

35. GD Barri did not pay Gardner overtime for all hours worked in excess of 40 hours in a single workweek.

36. Rather than receiving time and half as required by the FLSA, Gardner only received "straight time" pay for overtime hours worked.

37. This "straight time for overtime" payment scheme violates the FLSA.

38. GD Barri was aware of the overtime requirements of the FLSA.

39. GD Barri nonetheless failed to pay certain hourly employees, such as Gardner, overtime.

40. Gardner and the Putative Class Members perform job duties in furtherance of the power industry business sector and are subjected to similar compensation practices.

41. Gardner and the Putative Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

42. Gardner and the Putative Class Members regularly worked in excess of 40 hours each week.

43. GD Barri did not pay Gardner and the Putative Class Members on a salary basis.

44. GD Barri did not guarantee Gardner and the Putative Class Members a guaranteed salary.

45. GD Barri paid Gardner and the Putative Class Members "straight time for overtime."

46. GD Barri failed to pay Gardner and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

47. GD Barri knew, or acted with reckless disregard for whether, Gardner and the Putative Class Members were paid in accordance with the FLSA.

48. GD Barri's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA.

**FLSA VIOLATIONS**

49. By failing to pay Gardner and the Putative Class Members overtime at one-and-one-half times their regular rates, GD Barri violated the FLSA's overtime provisions.

50. GD Barri owes Gardner and Putative Class Members the difference between the rate actually paid and the proper overtime rate.

51. Because GD Barri knew, or showed reckless disregard for whether, its pay practices violated the FLSA, GD Barri owes these wages for at least the past three years.

52. GD Barri is liable to Gardner and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

53. Gardner and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**COLLECTIVE ACTION ALLEGATIONS**

54. The illegal pay practices GD Barri imposed on Gardner were imposed on the Putative Class Members.

55. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

56. Numerous other individuals who were staffed by GD Barri (like Gardner) were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal and state wage laws.

57. Based on his experiences and tenure with GD Barri, Gardner is aware that GD Barri's illegal practices were imposed on the Putative Class Members.

58. The Putative Class Members were not paid overtime when they worked more than 40 hours per week.

59. GD Barri's failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

60. Gardner's experiences are therefore typical of the experiences of the Putative Class Members.

61. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent collective treatment.

62. Gardner has no interests contrary to, or in conflict with, the Putative Class Members.

63. Like each Putative Class Member, Gardner has an interest in obtaining the unpaid overtime wages owed under federal and state law.

64. The precise size and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by GD Barri.

65. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

66. Absent a collective action, many Putative Class Members will not obtain redress of their injuries and GD Barri will reap the unjust benefits of violating the FLSA.

67. Furthermore, even if some Putative Class Members could afford individual litigation against GD Barri, it would be unduly burdensome to the judicial system.

68. If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to GD Barri, and to the Court.

69. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

70. The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Gardner and the Putative Class Members' FLSA rights were violated as a result of GD Barri's straight time for overtime policy;

    b. Whether GD Barri required Gardner and the Putative Class Members to work more than 40 hours during individual work weeks;

    c. Whether GD Barri's decision to pay Gardner and the Putative Class Members straight time for overtime was made in good faith;

    d. Whether GD Barri paid Gardner and the Putative Class Members on a salary basis;

      e.    Whether GD Barri failed to pay Gardner and the Putative Class Members at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

      f.    Whether GD Barri's violation of the FLSA was in good faith or willful; and

      g.    Whether GD Barri's illegal pay practices were applied uniformly across the nation to Gardner and all the Putative Class Members.

71. Gardner and the Putative Class Members sustained damages arising out of GD Barri's illegal and uniform employment policy.

72. Gardner knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class and collective action.

73. Gardner will fairly and adequately represent and protect the interests of the Putative Class Members.

74. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

**JURY DEMAND**

75. Gardner demands a Jury trial.

**PRAYER FOR RELIEF**

76. WHEREFORE Gardner prays for judgment against GD Barri as follows:

    a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding GD Barri liable for unpaid back wages due to Gardner and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

d. For an Order granting such other and further relief as may be necessary and appropriate.

DATED this 31st day of July 2020.

**RANDALL LAW PLLC, JOSEPHSON DUNLAP, LLP, & BRUCKNER BURCH, PLLC**

By: /s/ *Samuel R. Randall*
    Samuel R. Randall
    Michael A. Josephson
    Richard M. Schreiber
    Richard J. (Rex) Burch

*Attorneys for Plaintiff*