**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Gardner,<br><br>           Plaintiff,<br><br>v.<br><br>G.D. Barri & Associates Incorporated,<br><br>           Defendant. | No. CV-20-01518-PHX-MTL<br><br>**ORDER** |

Before the Court is Defendant G.D. Barri & Associates Inc.'s ("Defendant" or "G.D. Barri") Motion for Judgment on the Pleadings. (Doc. 17.) Defendant argues that Plaintiff Aaron Gardner's ("Plaintiff" or "Gardner") one claim, for failure to pay overtime under the Fair Labor Standards Act ("FLSA"), fails on the pleadings because Plaintiff was a "highly compensated employee" and therefore exempt from the FLSA's overtime requirements. For the following reasons, the motion is denied.[1]

**I.    BACKGROUND**

The following facts are derived from Plaintiff's Collective Action Complaint. (Doc. 1.) Plaintiff worked as a Construction Manager for Defendant in Maricopa County, Arizona, from September 2018 to March 2019. (*Id.* ¶¶ 21, 25.) Defendant provides contract labor solutions to power and utilities industries. (*Id.* ¶ 19.) In his role, Plaintiff planned "power plant enhancements based on engineer reports, order[ed] materials, and

---

[1] Both parties have submitted legal memoranda and oral argument would not have aided the Court's decisional process. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* LRCiv 7.2(f); Fed. R. Civ. P. 78(b).

document[ed] progress, completion and obstacles." (*Id.* ¶ 22.) Plaintiff states that he was an hourly employee and was not paid a guaranteed salary. (*Id.* ¶¶ 25, 26.) He was paid $75 per hour "for every approved hour worked." (*Id.* ¶ 24.) If Plaintiff worked less than 40 hours per week, he was paid only for the hours worked. If he worked more than 40 hours per week, he was paid "the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek." (*Id.* ¶ 34.) In other words, Plaintiff asserts that Defendant did not pay a time-and-a-half rate, as required by the FLSA, for overtime worked. *See* 29 U.S.C. § 207(a)(1) (*Id.* ¶ 36.) Plaintiff states that he "routinely" worked 60 or more hours per week. (*Id.* ¶ 32.)

Plaintiff filed the Complaint July 31, 2020. It alleges that Defendant failed to pay Plaintiff and a purported class of "similarly situated employees" overtime compensation in violation of the FLSA. (*Id.* ¶ 49.) It seeks, for Gardner and the putative class, unpaid wages, liquidated damages, attorneys' fees, costs, and pre-and post-judgment interest. (*Id.* at 9.)

Defendant filed its Amended Answer on September 28, 2020. (Doc. 12.) It admits that Defendant employed Plaintiff as a Construction Manager from September 2018 to March 2019. (*Id.* ¶ 2.) It denies that Plaintiff was an hourly employee, that he was not paid a guaranteed salary, that he "routinely" worked 60 or more hours per week, and that it paid Plaintiff the same hourly rate for all hours worked. (*Id.* ¶ 1.) The Amended Answer asserts as an affirmative defense that Plaintiff was, "at all material times, exempt from overtime as a Highly Compensated Employee" pursuant to 29 C.F.R. § 541.601. (*Id.* ¶ 4.)

On November 20, 2020, Defendant filed the pending motion for judgment on the pleadings.[2] (Doc. 17.) The motion is now fully briefed.[3] (Docs. 24, 32.)

## II.     LEGAL STANDARD

Rule 12(c) of Federal Rules of Civil Procedure states, "[a]fter the pleadings are

---

[2] As Plaintiff notes, in the parties' Rule 26(f) Joint Case Management Report, dated October 5, 2020, Defendant stated that it did not anticipate filing any motions "at this time," but reserved its right to file a motion for summary judgment "after discovery closes." (Doc. 13 at 5.)

[3] Plaintiff has also filed a Motion for Conditional Certification of a class comprised of "[a]ll employees of GD Barri who were paid straight time for overtime and staffed to power plants or similar facilities in the last three (3) years." (Doc. 50 at 3.) That motion is not addressed in the present Order.

closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The legal standard for Rule 12(c) is "substantially identical" to the standard for a motion to dismiss under Rule 12(b)(6) because under both rules, "a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy."[4] *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quotation omitted). As with a motion to dismiss, a court must assume that the non-moving party's allegations are true and must draw all reasonable inferences in its favor. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). Review of a Rule 12(c) motion is "limited to the content of the complaint." *See North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). A district court generally "may not consider any material beyond the pleadings in ruling on a [Rule 12(c)] motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). If "matters outside the pleadings are presented to and not excluded by the court" on a Rule 12(c) motion, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The decision whether to convert the motion to dismiss into a motion for summary judgment, or to merely exclude the evidence, is within the Court's discretion. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007).

### III.     ANALYSIS

The Complaint asserts that Defendant violated the FLSA by failing to pay Plaintiff at a rate of one-and-one-half times his regular rate of pay for all overtime hours worked. (Doc. 1.) Defendant argues in the present motion that Plaintiff was exempt from overtime

---

[4] Motions to dismiss and motions for judgment on the pleadings differ in only two respects: "(1) the timing (a motion for judgment on the pleadings is usually brought *after* an answer has been filed, whereas a motion to dismiss is typically brought *before* an answer is filed), and (2) the party bringing the motion (a motion to dismiss may be brought *only* by the party against whom the claim for relief is made, usually the defendant, whereas a motion for judgment on the pleadings may be brought by *any* party)." *Sprint Telephony PCS, L.P. v. Cty. of San Diego*, 311 F. Supp. 2d 898, 902–03 (S.D. Cal. 2004), opinion clarified *sub nom.,* 2004 WL 859333 (S.D. Cal. Jan. 23, 2004) (internal citation omitted).

requirements as a "highly compensated employee" under the FLSA. (Doc. 17.) The Court first addresses whether it may consider Plaintiff's Employee Agreement, upon which Defendant's motion relies in significant part, and then turns to the merits of the motion.

### A.    Employee Agreement

As a preliminary matter, the Court must decide whether to consider the Employee Agreement attached to and referenced in Defendant's motion. (Doc. 17-1.) The agreement indicates that it is an employment agreement between Plaintiff and Defendant, dated September 18, 2018. (*Id*. at 1.) Defendant invokes the agreement to assert that Plaintiff had a "guaranteed minimum salary," for example. (Doc. 17 at 2.)

As noted, review of a Rule 12(c) motion is "limited to the content of the complaint." *See North Star Int'l*, 720 F.2d at 581. If "matters outside the pleadings are presented to and not excluded by the court" on a Rule 12(c) motion, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). There are two exceptions to the general rule that consideration of extrinsic evidence converts a motion for judgement on the pleadings into a motion for summary judgment. First, a court may consider "material which is properly submitted as part of the complaint" without converting the motion. *Lee*, 250 F.3d at 688. The same is true for documents not physically attached to the complaint but whose "authenticity . . . is not contested" and if "the plaintiff's complaint necessarily relies" on them. *Id.* (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998)). Second, a court may take judicial notice of "matters of public record" without converting the motion to dismiss into a motion for summary judgment.[5] *See Lee*, 250 F.3d at 689; Fed. R. Evid. 201(b)(2).

Defendant does not specifically justify its reliance on the Employee Agreement, other than noting that the Court may consider documents outside the pleadings "whose authenticity is not contested and on which the plaintiff's complaint necessarily relies." (Doc. 17 at 2) (citing *Lee*, 250 F.3d at 688). Plaintiff argues in response that the Court should not consider the Employee Agreement because Defendant "fails to argue, let alone

---

[5] No party argues that the Employee Agreement was a "matter of public record." *See id.*

- 4 -

prove," that the Complaint "necessarily relies" upon the Employee Agreement. (Doc. 24 at 2.) The Court agrees with Plaintiff.

Plaintiff does not dispute the authenticity of the Employee Agreement. *See Lee*, 250 F.3d at 688. Nonetheless, the Court will not consider the Employee Agreement because Defendant has not demonstrated that the Complaint "necessarily relies" upon it. *Id.* The agreement is neither attached to nor referenced in the Complaint. (Doc. 1.) Further, "[e]conomic realities, not contractual labels, determine employment status for the remedial purposes of the FLSA." *Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 755 (9th Cir. 1979) (citations omitted). The "subjective intent of the parties to a labor contract" cannot override these ultimate "realities." *Id.*; *see also Collinge v. IntelliQuick Delivery, Inc.*, No. 2:12-CV-00824 JWS, 2015 WL 1299369, at *2 (D. Ariz. Mar. 23, 2015) (Under the FLSA, "[c]ontractual language that purports to describe an individual's working relationship does not control, nor does the parties' intent. Instead, the economic realities of the working relationship are what matters."). While Defendant may invoke the Employee Agreement at a later stage, the Court will not consider it as a document upon which the pleadings necessarily rely.

Further, it "would be premature at this point in the case" to convert Defendant's motion into a motion for summary judgment. *Lacey v. Malandro Commc'n, Inc.*, No. CV-09-01429-PHX-GMS, 2009 WL 4755399, at *4 (D. Ariz. Dec. 8, 2009). The discovery deadline in this case is May 7, 2021. (Doc. 17 at 2.) Plaintiff has thus not yet been given a full "opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also Lacey*, 2009 WL 4755399, at *4 (declining to consider extraneous information because "[i]t is doubtful that Plaintiff[ ] h[as] had any opportunity to gather and present all material pertinent to the extensive factual offerings that accompany [Defendants'] motion to dismiss.") (citation omitted). The Court also sees "no need to allow accelerated discovery at this stage so Plaintiffs can respond to the motion." *Oto v. Airline Training Ctr. Arizona, Inc.*, 247 F. Supp. 3d 1098, 1107 (D. Ariz. 2017). As such, the Court will not convert Defendant's motion into a motion for summary judgment under

Rule 56. The Court therefore excludes the Employee Agreement in its consideration of Defendant's motion for judgment on the pleadings. *See* Fed. R. Civ. P. 12(d).

### B.     Merits of Motion

The Court now turns to the merits of Defendant's motion. Defendant argues that the pleadings demonstrate that Plaintiff is a "highly compensated employee" under the FLSA and therefore exempt from overtime compensation. The Court finds that such a conclusion is premature and therefore denies the motion.

Section 207 of the FLSA requires an employer to pay overtime compensation to employees working more than 40 hours per week, subject to certain exemptions. *See* 29 U.S.C. 207(a)(1); 29 U.S.C. 213(a)-(b); *Ogden v. CDI Corp.*, 2009 WL 4508502, at *1 (D. Ariz. Dec. 1, 2009) (The FLSA generally requires employers to "pay employees one and one-half times their regular rates of pay for all hours worked in excess of forty in a workweek.") (citation omitted). An FLSA claim has three elements: "(1) plaintiff was employed by defendant during the relevant period; (2) plaintiff was a covered employee; and (3) the defendant failed to pay plaintiff minimum wage and/or overtime pay." *Vail v. Kopper Crest Manor on Harris LLC*, No. CV-18-00908-PHX-GMS, 2019 WL 2869672, at *2 (D. Ariz. July 3, 2019). An employer claiming an exemption from the FLSA must prove that it applies "plainly and unmistakably within [its] terms and spirit." *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960).

Among other exemptions, the FLSA does not require overtime compensation for "highly compensated employees." 29 C.F.R. § 541.601. *See also Mamola v. Grp. Mfg. Servs., Inc.*, No. CV-08-1687-PHX-GMS, 2010 WL 1433491, at *11 (D. Ariz. Apr. 9, 2010) ("The FLSA has an exemption . . . for highly compensated employees. When this exemption applies, an employee's wages and hours are not regulated under the Act.") As applied to Plaintiff, a highly compensated employee must (1) receive total annual compensation of at least $100,000.00, which "must include at least $455 per week paid on a salary or fee basis"; (2) "customarily and regularly perform[] any one or more of the exempt duties or responsibilities of an executive, administrative or professional

employee"; and (3) have a primary duty that "includes performing office or non-manual work." 29 C.F.R. § 541.601(a)–(d) (amended Jan. 1, 2020).[6] The Court will analyze these requirements in turn.

### 1.    **Annual Compensation**

As noted, to qualify as a highly compensated employee under the FLSA, Plaintiff's "[t]otal annual compensation" must have been at least $100,000, including at least $455 per week paid on a "salary basis." 29 C.F.R. § 541.601(a) (amended Jan. 1, 2020). Total annual compensation "may also include commissions, nondiscretionary bonuses and other nondiscretionary compensation earned during a 52-week period." *Id.* § 541.601(b)(1). An employee is considered to be paid on a "salary basis" if he or she "regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." *Id.* § 541.602(a). An employee who is employed less than a full year with the employer, such as Plaintiff, "may qualify for exemption under this section if the employee receives a pro rata portion of the minimum amount" required—that is, in this instance, $100,000. *Id.* § 541.601(b)(3).

Defendant's motion relies, in significant part, on the aforementioned Employee Agreement. As noted, the Court finds that the Employee Agreement falls outside the scope of a motion for judgment on the pleadings. The pleadings alone preclude a finding that Plaintiff received total annual compensation of at least $100,000 (or a pro rata portion thereof). The Complaint states that Plaintiff was paid "$75 an hour for every approved hour worked." (Doc. 1 ¶ 24.) Defendant denied this allegation. (Doc. 12 ¶ 1.) Plaintiff also states that he "regularly" worked more than 40 hours per week and, in fact, "routinely" worked 60 or more hours per week. (Doc. 1 ¶¶ 31, 32.) Defendant denied these allegations, as well. (Doc. 12 ¶ 1.) Defendant asserts that, based on Plaintiff's allegations, he would have earned

---

[6] The parties agree that the prior version of this regulation governs the pending dispute based on Plaintiff's dates of employment. The total annual and weekly compensation amounts have since been increased to $107,432 and $684, respectively. *See* 29 C.F.R. § 541.601(a)(2) (June 8, 2020).

$100,000 in only 34 (of 52) weeks if he earned $75 per hour during 40-hour work weeks. (Doc. 17 at 7 n.5.) Nonetheless, the Complaint also asserts that if Plaintiff worked under 40 hours per week, "he was only paid for the hours he worked." (Doc. 1 ¶ 30.) Defendant also denied this allegation. (Doc. 12 ¶ 1.) The Complaint does not indicate how often Plaintiff worked less than 40 hours per week. Therefore, taking Plaintiff's allegations as true and drawing all reasonable inferences in his favor, the Court cannot say with certainty, based on the pleadings, that Plaintiff earned the minimum salary to qualify as a "highly compensated employee." *See Hal Roach Studios, Inc.*, 896 F.2d at 1550.

Further, the Complaint indicates that Plaintiff was not paid on a salary basis, as required to be a highly compensated employee. An employee is compensated on a "salary basis" if he or she regularly receives a predetermined amount "not subject to reduction because [of] variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a). The Complaint indicates the opposite. It states that Plaintiff's pay did, in fact, fluctuate based on the number of hours worked: Plaintiff "was not paid a guaranteed salary" and, if he worked under 40 hours in a week, "he was only paid for the hours he worked." (Doc. 1 ¶ 30.) Because the pleadings demonstrate neither that Plaintiff received the minimum compensation required for a "highly compensated employee," nor a predetermined salary, Defendant's motion is denied.[7]

### 2. **Executive, Administrative or Professional Employee**

Although it need not reach it, the Court next addresses whether Plaintiff "customarily and regularly perform[ed] any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee." 29 C.F.R. § 541.601(c). Defendant argues that Plaintiff regularly performed duties of an exempt administrative employee. (Doc. 17 at 6.) Defendant does not address this argument in detail, pointing only to the Complaint's allegations that Plaintiff "plan[ned] power plant enhancements based on engineer reports, order[ed] materials, and document[ed] progress,

---

[7] Because the Court is not considering the Employee Agreement in connection with the pending motion, the Court need not consider the parties' arguments regarding the "reasonable relationship" test contained in 29 C.F.R. § 541.604, including Plaintiff's Notice of Supplemental Authority (Doc. 35) and Defendant's Response. (Doc. 43.)

- 8 -

completion, and obstacles" and that Defendant "provides contract labor solutions to the power and utilities' industries." (Doc. 1 ¶¶ 2, 19.)

An employee engages in an administrative duty under the FLSA when he or she (1) performs office or non-manual work directly related to the management or general business operations of their employer and employer's customers and (2) exercises discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541.200(a)(2)-(3). "'Customarily and regularly' means a frequency that must be greater than occasional but which, of course, may be less than constant. Tasks or work performed 'customarily and regularly' includes work normally and recurrently performed every workweek; it does not include isolated or one-time tasks." *Id.* § 541.701.

The question of how employees "spent their working time . . . is a question of fact." *Bratt v. Cnty. of Los Angeles*, 912 F.2d 1066, 1068 (9th Cir. 1990) (quoting *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986)); *see also Federico v. Overland Contracting, Inc.*, No. C 12-2588 MEJ, 2013 WL 5516187, at *13 (N.D. Cal. Oct. 4, 2013) ("The determination of whether an employee exercises discretion and independent judgment is based on an evaluation of the totality of the facts involved in the particular employment situation."). The Court agrees with Plaintiff that whether he decided to carry out his tasks, or whether he "merely aided carrying out that work after the *client* made that decision, matters." (Doc. 24 at 15.) The Court also agrees that, even if Plaintiff did perform administrative (or professional or executive) tasks, the pleadings do not prove that he performed them "customarily and regularly." 29 C.F.R. § 541.701. While discovery may indicate that Plaintiff performed such tasks, that determination is premature at this juncture. The motion will be denied for this independent reason.

### 3. Primary Duty

A highly compensated employee's "primary duty" must also include "performing office or non-manual work." 29 C.F.R. § 541.601(d). The relevant regulations specify that "employees who perform work involving repetitive operations with their hands, physical skill and energy are not exempt under this section no matter how highly paid they might

be." *Id*. Defendant argues that Plaintiff's assertion that he "plan[ned] power plant enhancements based on engineer reports, order[ed] materials, and document[ed] progress, completion, and obstacles," demonstrates that he primarily performed office or non-manual work. (Doc. 1 ¶ 22; Doc. 17 at 6.)

The Court agrees with Plaintiff that this finding would also be premature. Defendant cites no cases concluding as much at the pleading stage, and the Court is not aware of any. Further, as Plaintiff notes, nothing about performing the tasks above "proves" that his work was primarily office or non-manual work. (Doc. 24 at 13.) Determination of an employee's primary duty "must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole." 29 C.F.R. § 541.700(a). Factors to consider include "the relative importance of the exempt duties as compared with other types of duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." *Id*. The Court cannot determine at this preliminary stage that "all the facts" in this case demonstrate that Plaintiff's primary duty as Defendant's employee involved office or non-manual work. For this independent reason, Defendant's motion is denied.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. 17) is **denied**.

Dated this 12th day of April, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

- 10 -